D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MAUREEN ELENA SOLOMON,

                        Plaintiff,

    -against-                            **MEMORANDUM AND ORDER**

                                             12-CV-2856 (SJF)(GRB)

DAVIDSON FINK LLP, OCWEN LOAN SERVICING
LLC, LITTON LOAN SERVICING LP, WILMINGTON
TRUST AS SUCCESSOR TO THE BANK OF NEW YORK
AS SUCCESSOR TO JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION AS TRUSTEE FOR C-BASS
MORTGAGE LOAN ASSET-BACKED CERTIFICATES,
SERIES 2005-CB4, ET. AL. TRUSTEES, CLERKS,
ADMINISTRATORS, AND ITS ASSOCIATES, OFFICE OF
CONSTABLES, PCT 1-8, NASSAU COUNTY,
ADMINISTRATORS, CLERKS ITS ASSIGNEES AND
ASSOCIATES ETC., OFFICE OF JUSTICE OF THE PEACE
COURTS, ADMINISTRATORS, CLERKS, ASSIGNEES
AND ASSOCIATES, ETC.,

                        Defendants.
----------------------------------------------------------------------X
FEUERSTEIN, District Judge:

I.    Introduction

     Before the Court is the complaint of pro se plaintiff Maureen Elena Solomon ("plaintiff"), which is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The complaint is accompanied by an application to proceed in forma pauperis.

     Upon review of the plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that she is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915 (a)(1). However, for the reasons that follow, the plaintiff's complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a

claim unless plaintiff files an amended complaint as set forth herein within thirty (30) days from the date on which this order is served upon her.

II.  The Complaint

Plaintiff's eleven (11) page complaint is difficult to comprehend. It appears that plaintiff seeks to challenge the foreclosure of her home, but that is far from clear. The complaint is largely comprised of a disjointed narrative, and does not direct any specific allegation against any particular defendant.

Plaintiff alleges that she seeks to "officially advert, point for point, the Original Petition For Foreclosure, and to present a counter claim herein now on and for the record" and that she will "show by supporting competent evidence that . . . the bank never did lend the [plaintiff] any funds from said banks personal funds or depositors accounts." Complaint [Docket Entry No. 1] at 2. She further claims that she "agreed to receive a loan, not to be a depositor and have the bank receive the deposit for free." Id.

According to the complaint:

> [T]he bank had no right to sell the mortgage note and or deed of trust for two reasons. The mortgage note and or deed of trust was deposited, and or sold as a security or other negotiable instrument and the money was received, withdrawn and or accrued without authorization by using a forged signature, and or pay to the order stamps etc., and two, the contract was never truly fulfilled. The bank acted without authorization and is involved in a fraud thereby damaging the alleged borrower . . . .
> . . . [A]ny action that derives or is created from any original contract, i.e., the foreclosure actions thereof from any Loans #7092628770, 0015318942, A05030983, Deed of Trust, and or Mortgage Note, Case, Cause, petition et al. applicable actions created against Affiant is null and void until said dispute is settled with the original contract. Until then, there is no genuine issue of

> material fact in dispute and that according to law, the Respondents' is [sic] not entitled to the relief prayed for in its Complaint . . . .
>
> . . . Petitioner will show the law and the bank's own literature to prove petitioners [sic] case. All the bank did was trick the Affiant into a one sided contract which did not disclose all terms and procedures of the note. They got the mortgage note and or deed of trust without investing one cent, by making Affiant a depositor and not a borrower. The key to the puzzle is, the bank did not sign the contract. If they did then they must loan the money (Fiat). The bank did not sign the note, they deposited the mortgage note and or deed of trust in a checking account and used it to issue a check without ever loaning Affiant money or the bank investing one cent . . . .

Id. at 2-3. Apart from a "Summary of Damages" wherein plaintiff calculates damages totaling nearly eleven million dollars, ($11,000,000.00), the remainder of the complaint is largely comprised of citations to and quotations from various legal authorities and presents a series of questions (*e.g.*, "Did the bank loan gold or silver to the alleged borrower?," "Did the bank loan credit to the alleged borrower?"), rather than factual allegations. See id. at 4-11.


III.  Discussion

    A.    Application to Proceed In Forma Pauperis

Having reviewed plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request for permission to proceed in forma pauperis is granted.

B.  Screening of an In Forma Pauperis Complaint

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the district court shall dismiss an in forma pauperis complaint, or portion thereof, if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Nevertheless, the Court "remain[s] obligated to construe [a] pro se complaint[] liberally." DiPetto v. U.S. Postal Serv., 383 Fed. Appx. 102, 103 (2d Cir. 2010). A pro se complaint should be read with "special solicitude" and should be interpreted to raise the "strongest claims that it suggests." DiPetto, 383 Fed. Appx. at 103. At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citation omitted).

However, a pro se complaint must still provide a defendant with fair notice of what the plaintiff's claims are and each of the grounds upon which they rest. See Valenzuela v. Riverbay Corp., No. 06 Civ. 903(DLC), 2007 WL 414487, at *2 (S.D.N.Y. Jan. 31, 2007); see generally Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005). Thus, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S.Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 667-68, 129 S.Ct. at 1949 (citations omitted).

C.  Application

As best as the Court can discern, plaintiff intends to allege that she was defrauded in

4

connection with a residential mortgage loan. However, the complaint, in its present form, does not state a claim upon which relief may be granted. Even liberally construed, plaintiff wholly fails to state a plausible claim against any defendant.

Since a court generally should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid complaint might be stated," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), plaintiff is granted leave to file an amended complaint.

Accordingly, plaintiff's claims are dismissed with prejudice unless **plaintiff files an amended complaint stating a plausible claim against any defendant within thirty (30) days from the date that this Order is served upon her.** See, e.g., Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); Chavis, 618 F.3d at 170 (when addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed in forma pauperis is GRANTED. However, the complaint is dismissed with prejudice **unless plaintiff files an amended complaint in accordance with this order within thirty (30) days from the date that this order is served upon her.** The amended complaint must be labeled "Amended Complaint" and shall bear the docket number 12-CV-2856(SJF)(GRB). The Court will screen any timely

5

filed amended complaint in accordance with 28 U.S.C. § 1915.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: July 16, 2012
Central Islip, New York