UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAUREEN ELENA SOLOMON,

                              Plaintiff,

-against-

OCWEN LOAN SERVICING, LLC, et al.,

                              Defendants.
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ APR 12 2013 ★

LONG ISLAND OFFICE

**OPINION AND ORDER**
12-CV-2856 (SJF)(GRB)

FEUERSTEIN, J.

On June 5, 2012, pro se plaintiff Maureen Elena Solomon ("plaintiff") commenced this action against Ocwen Loan Servicing LLC, Wilmington Trust ("Wilmington"), Litton Loan Servicing LP (collectively "defendants"), Davidson Fink, LLP, the "Office of Constables" and the "Office of Justice of the Peace Courts." [Docket Entry No. 1]. Plaintiff's initial complaint was dismissed on July 16, 2012, [Docket Entry No. 4], and plaintiff filed an amended complaint on August 17, 2012, [Docket Entry No. 5] ("Am. Compl."). On September 10, 2012, defendants served plaintiff with a motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. [Docket Entry No. 6]. On October 1, 2012, the Court sua sponte dismissed Davidson Fink, LLP, the Office of Constables, and the Office of Justice of the Peace Courts from the case without prejudice. [Docket Entry No. 7]. On November 21, 2012, plaintiff filed an application for a temporary restraining order and preliminary injunction "restraining [defendants], their agents, employees, representatives, attorneys, and all persons acting in concert or participating with them and their agents from taking possession of [p]laintiff's . . . residential property." [Docket Entry No. 10]. The Court denied the application

with leave to renew following a conference before the Court to be held on November 27, 2012. [Docket Entry No. 12]. Plaintiff failed to appear for the conference, and after being reached by telephone, was directed by the Court to file an opposition to defendants' motion to dismiss the amended complaint. [Docket Entry No. 15]. In response, plaintiff filed a "Petition for Injunctive and Other Relief and for Court to Compel Defendant(s) to Produce and Comply with Plaintiff's Demands." [Docket Entry No. 20].[1] Now before the Court is defendants' motion to dismiss plaintiff's amended complaint. [Docket Entry No. 15] (the "motion"). For the reasons that follow, the motion is GRANTED.

I. Background

On March 12, 2005, plaintiff obtained a loan from Wilmington Finance, a division of AIG Federal Savings Bank, in the amount of three hundred fifteen thousand dollars ($315,000.00) and executed a promissory note (the "Note"). Defendants' Memorandum of Law in Support of Motion to Dismiss the Amended Complaint [Docket Entry No. 16] ("Def. Memo.") at Ex. A; Am. Compl. at ¶ 25. As collateral for payment on the Note, plaintiff delivered to Wilmington Finance a mortgage on a property located at 169 West Marshall Street, Hempstead, New York (the "Mortgage"). Def. Memo. at Ex. B; Am. Compl. at ¶ 25. Wilmington Finance subsequently assigned the Note and Mortgage to Wilmington. Def. Memo. at 2. Wilmington initiated foreclosure proceedings in Nassau County when plaintiff failed to make required payments on the Note, Def. Memo. at Ex. C, and a judgment of foreclosure and sale was entered in favor of Wilmington on June 25, 2008. Def. Memo. at Ex. D.

Plaintiff's amended complaint alleges, in relevant part, as follows:

[T]he moment the original [promissory] notes were executed and delivered by

---

[1] Plaintiff's opposition does not address defendants' arguments for dismissal, and therefore the arguments raised by plaintiff will not be addressed by the Court. See [Docket Entry No. 20].

2

> [plaintiff] to [defendants], [defendants] not only had not made this loan to
> [plaintiff], but did not have the funds to make this loan. The only 'asset' to this
> transaction was the promissory notes delivered by [plaintiff] to [defendants]. By
> definition, according to the Federal Reserve Bank, a promissory note is money.
> Upon receipt of the [plaintiff's] promissory notes, [defendants] deposited the same
> into an account as an asset of [defendants] and, in line with generally accepted
> accounting principles; [defendants] opened an offsetting liability account as a loan
> from [plaintiff] to [defendants] in approximately the same amount. This was done
> without the knowledge of [plaintiff] . . . . By making the described accounting
> entries, [defendants] 'created' her money from only the use of [plaintiffs']
> promissory notes. Subsequent to the above transactions, [defendants] did loan the
> subject amount to [plaintiff] by merely loaning [plaintiff] back the money
> [defendants] had created by use of [plaintiff's] promissory notes.

Am. Compl. ¶¶ 27-29. According to plaintiff, the foregoing conduct demonstrates that defendants never actually loaned her money and that defendants therefore "ma[de] false representations to [plaintiff] that the bank was at risk at all times in [plaintiff's] loan transaction, and that the bank had paid consideration for her loan and loaned its depositors' money to [plaintiff]." Am. Compl. at ¶ 37.

Upon the basis of the foregoing allegations, plaintiff asserts various claims arising under New York state law, including that: (1) defendants breached the terms of the Mortgage by "merely loaning [plaintiff] back the money [defendants] had created by use of [plaintiff's] promissory notes"; (2) the Mortgage should be rescinded because defendants failed to furnish consideration in exchange for the Note and "merely deposited the [promissory] notes in [defendants'] account and returned . . . newly 'created' money back to [plaintiff] in the form of a loan"; (3) defendants fraudulently induced plaintiff to execute the Note and Mortgage by "mak[ing] false representations to [plaintiff] that the bank was at risk at all times in [plaintiff's] loan transaction, and that the bank had paid consideration for her loan and loaned its depositors' money to [plaintiff]"; (4) defendants breached the covenant of good faith and fair dealing by failing to disclose that defendants were "merely loaning [plaintiff] her own money back and not

3

money belonging to [defendants]"; and (5) defendants breached their fiduciary duty to plaintiff by failing "to disclose to [plaintiff] that [defendants] were never at risk in her contract and never provided any consideration for her contract." Am. Compl. at ¶¶ 9-62. Plaintiff also asserts claims for (1) promissory estoppel, (2) assumpsit, (3) conversion, (4) usury, (5) unjust enrichment, (6) negligent misrepresentation, (7) deceptive trade practices, and (8) civil conspiracy. Am. Compl. at ¶¶ 63-96 (collectively, the "state-law claims").

Plaintiff further alleges that defendants violated federal law, including: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., "[b]y [their] actions in fraudulently concealing the actual methodology by which [defendants] 'created' the money loaned to [plaintiff]" and by "merely deposit[ing] [plaintiff's] 'money' back into [defendants'] account and loan[ing] it back to [plaintiff]"; and (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., by "us[ing] false, deceptive or misleading representations."[2] Am. Compl. at ¶¶ 12-23 (collectively, the "federal-law claims").

Plaintiff seeks, inter alia, (1) three hundred fifteen thousand dollars ($315,000.00) in monetary damages, (2) a judgment rescinding the Mortgage, and (3) punitive damages.[3]

---

[2] Plaintiff also alleges that defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., by "furnish[ing] information relating to [plaintiff] to a consumer reporting agency when [defendants] knew or consciously avoided knowing that the information was inaccurate, and when [defendants] had not, clearly and conspicuously specified to [plaintiff] an address for mailing notices disputing said information." Am. Compl. ¶¶ 21-23. However, "there is no private right of action under [the Fair Credit Reporting Act], as the duties imposed under this section are only enforceable by a governmental agency or official." Dickman v. Verizon Commc'ns, Inc., 876 F. Supp.2d 166, 172 (E.D.N.Y. 2012). Therefore, plaintiff lacks standing to assert such a claim against defendants, and the claim must be dismissed.

[3] In plaintiff's opposition to the motion to dismiss, she states that she is entitled to two hundred twelve thousand forty-nine dollars and thirty-two cents ($212;049.32) in compensatory damages and ten million six hundred two thousand four hundred sixty-six dollars ($10,602,466.00) in punitive damages. [Docket Entry No. 20].

II.     Standard[4]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. At 678.

As plaintiff is proceeding pro se, her complaint is held "'to less stringent standards than formal pleadings drafted by lawyers.'" Feinstein v The Chase Manhattan Bank, No. 06 CV 1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006) (quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980)). "Plaintiff's pro se status notwithstanding, 'subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived.'" Id. at *2 (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). Although plaintiff's allegations are taken as true,

---

[4] "The standards for reviewing dismissals granted under 12(b)(1) and 12(b)(6) are identical." Moore v. PaineWebber, Inc., 189 F.3d 165, 169 n.3 (2d Cir. 1999)

5

"jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks and citations omitted). "When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." Feinstein, 2006 WL 898076, at *2 (citing Kontrick v. Ryan, 540 U.S. 443, 455 (2004)).

"The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Moreover, when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (citations and internal quotation marks omitted). The Note and Mortgage are integral to the amended complaint and therefore may be considered by the Court. The Court may also take judicial notice of the state-court foreclosure proceedings.

III. Analysis

　　A.　Rooker-Feldman

Defendants argue that the Rooker-Feldman doctrine deprives the Court of subject-matter jurisdiction over plaintiff's state-law claims, since the "claims are directed to the 2005 origination of [plaintiff's] mortgage loan, and bear on Wilmington['s] . . . ability and right to foreclose on the Mortgage . . . ." Def. Memo. at 5.

The Rooker-Feldman doctrine provides "that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of

Elections, 422 F.3d 77, 84 (2d Cir. 2005). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. (internal quotation marks omitted). Therefore, the Court must consider four (4) requirements to determine whether the Rooker-Feldman doctrine deprives it of subject-matter jurisdiction: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced. Id. at 85.

"[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." Id. at 88. Therefore, "[c]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine." Feinstein, 2006 WL 898076, at *2; see also Webster v. Wells Fargo Bank, N.A., No. 08 Civ. 10145, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 23, 2009). Although plaintiff asserts a variety of fraud and contract claims, this action is essentially an attempt to reverse the state court's judgment of foreclosure and prevent Wilmington's sale of the property, as plaintiff seeks a judgment rescinding the Mortgage and awarding plaintiff the amount of her loan. Therefore, any adjudication of plaintiff's claims would necessarily require the Court to review and reject the judgment of foreclosure issued in state court. See, e.g., Webster, 2009 WL 5178654, at *6 (S.D.N.Y. Dec. 23, 2009) ("[T]his Court lacks subject matter jurisdiction over Plaintiffs' fraud claim because it is, in substance, an attack on the judgment in the foreclosure proceeding. . . . Although Plaintiffs style their claim as one of fraud,

the harm they consistently identify is the judgment permitting foreclosure to take place."). While claims relating to fraud in the procurement of a judgment of foreclosure may fall outside the scope of the Rooker-Feldman doctrine, see Goddard v. Citibank, NA, No. 04CV5317, 2006 WL 842925, at * (E.D.N.Y. Mar. 27, 2006) (holding that Rooker-Feldman did not apply to a claim that the defendants "misrepresent[ed] material facts to the state court in order to procure a judgment of foreclosure against [the] Plaintiff"); but see Parra v. Greenpoint Mortg. Co., No. 01-CV-2010, 2002 WL 32442231, at *2 (E.D.N.Y. Mar. 26, 2002) ("The fact that a plaintiff alleges that the state court judgment was procured by fraud does not remove her claims from the ambit of Rooker-Feldman.") (internal quotation marks and alterations omitted), plaintiff's claims here relate to the validity of the Mortgage, not defendants' conduct in the course of the foreclosure proceedings. Therefore, the Court lacks subject-matter jurisdiction over plaintiff's state-law claims, and the claims must be dismissed.

B. Res Judicata

To the extent the Rooker-Feldman doctrine does not deprive the Court of subject-matter jurisdiction over the state-law claims, they are barred by the doctrine of res judicata. "Under both New York law and federal law, the doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (internal quotation marks and alterations omitted). "In deciding whether a suit is barred by res judicata, it must first be determined that the second suit involves the same 'claim' or—'nucleus of operative fact'—as the first suit." Channer v. Dep't of Homeland Sec., 527 F.3d 275, 280 (2d Cir. 2008) (internal quotation marks and alterations omitted). "Three indicia determine whether the second suit involves the same claim or nucleus of operative fact as

the first: (1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations." Id. (internal quotation marks omitted). Where "the facts essential to the second [suit] were already present in the first [suit]," the second suit is barred. Id. (internal quotation marks omitted).

The state-law claims asserted by plaintiff arise from the origination of the Mortgage and attack the ability of defendants to enforce it in the foreclosure proceedings. These claims could have been raised as a defense to foreclosure in state court, and therefore cannot be relitigated in a subsequent suit in federal court. See, e.g., Hinds v. Option One Mortg. Corp., No. 11-CV-6149, 2012 WL 6827477, at *5 (E.D.N.Y. Dec. 6, 2012) ("Inasmuch as Plaintiff's fraud claim is premised on his allegations that Defendants obtained the underlying mortgage through predatory lending tactics and fraud, res judicata operates to preclude federal review of such a claim . . . [since the plaintiff's claims] arise from the same factual grouping—namely the validity of Plaintiff's mortgage, and the right of Defendants to enforce that agreement in a state court foreclosure proceeding"); Swiatkowski v. Citibank, 745 F. Supp.2d 150, 171 (E.D.N.Y. 2010) ("Many of the factual allegations plaintiff raises in opposition to the instant motion to dismiss involve issues that could have been raised as claims or defenses in the state court [foreclosure] proceedings."), aff'd, 446 F. App'x 360 (2d Cir. Nov. 16, 2011); Yeiser v. GMAC Mortg. Corp., 535 F. Supp.2d 413, 421 (S.D.N.Y. 2008) ("According to New York law, . . . res judicata . . . applies to defenses that could have been litigated, including defenses to a foreclosure."); Cherico v. Bank of N.Y., 621 N.Y.S.2d 235, 236 (App. Div. 1995) (holding that res judicata barred a subsequent action against a bank following a judgment of foreclosure where "all . . . claims against the Bank ar[o]se out of the exercise of rights or the failure to fulfill obligations granted or

9

imposed upon it by the . . . mortgage agreement with plaintiffs," and "a judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded") (internal quotation marks omitted). The fact that plaintiff defaulted in the state-court foreclosure proceedings does not preclude the application of res judicata to her claims, since "[a] judgment by default which has not been vacated is conclusive for res judicata purposes, and encompasses both issues which were raised or could have been raised in the prior action." Richter v. Sportsmans Props., Inc., 918 N.Y.S.2d 511, 513 (App. Div. 2011).

Therefore, to the extent Rooker-Feldman does not deprive the Court of subject-matter jurisdiction over plaintiff's claims, the claims are barred by the doctrine of res judicata and must be dismissed.

  C. Failure to State a Plausible Claim to Relief

    1. State-Law Claims

Even if plaintiff's state-law claims were not barred by the doctrine of res judicata, plaintiff fails to state a plausible claim to relief under New York law. As noted above, plaintiff alleges that defendants did not actually loan her money. This allegation appears to arise from plaintiff's misunderstanding of the nature of a mortgage transaction and is contradicted by the Mortgage, the Note and the judgment of foreclosure.

    2. Federal-Law Claims

Plaintiff also fails to state a plausible claim to relief under federal law. Plaintiff's allegations that defendants violated FDCPA and TILA are vague and conclusory, as plaintiff fails to allege specific conduct by defendants that is proscribed by these statutes. Even viewing the amended complaint less stringently in light of plaintiff's pro se status, the allegations do not state a

plausible claim to relief.

    D.    Statute of Limitations

        1.    Federal-Law Claims

Plaintiff's federal-law claims are also barred by the one-year statute of limitations. See Kapsis v. Am. Home Mortg. Serv. Inc., --- F. Supp.2d ---, No. 11-CV-4936, 2013 WL 544010, at *10 ("The statute of limitations for claims brought under the FDCPA is one year.") (citing 15 U.S.C. § 1692k(d)); Boniel v. U.S. Bank N.A., 2013 WL 458298, at *5 (E.D.N.Y. Feb. 6, 2013) ("The statute of limitations for actions under the Truth In Lending Act . . . is one year.") (citing 15 U.S.C. § 1640(e)). Plaintiff's federal-law claims relate to conduct occurring prior to the foreclosure proceedings in 2008. Therefore, the claims are untimely and must be dismissed.

        2.    State-Law Claims

Likewise, plaintiff's claims for fraud, negligent misrepresentation, breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty and unjust enrichment, are barred by the six (6) year New York statute of limitations. See N.Y.C.P.L.R. § 213.

III.    Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted in its entirety and plaintiff's amended complaint is dismissed with prejudice. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated:    April 12, 2013
Central Islip, New York